52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anant Kumar TRIPATI, Plaintiff-Appellant,
v.
Gunn McKAY; Los Angeles District Attorney's Office,
Defendants-Appellees.
 No. 95-55844.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anant Kumar Tripati, an Arizona state prisoner, appeals pro se the district court's denial of his motion for reconsideration of the district court's order dismissing as frivolous Tripati's action alleging that defendants violated his constitutional rights during his arrest and conviction for various California state charges. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). A prisoner's 42 U.S.C. Sec. 1983 cause of action for damages attributable to an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid does not accrue until his sentence or fact of imprisonment has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994); Trimble v. City of Santa Rosa, No. 94-15567, slip op. 2645, 2648 (9th Cir. Mar. 9, 1995). Because Tripati's allegations necessarily imply the invalidity of his conviction, and he has not shown that his conviction has been invalidated by a state or federal court, Tripati has no cause of action at this time. See Heck at 2373; Trimble at 2649. Accordingly, the district court properly dismissed this action as a matter of law. See Heck, 114 S.Ct. at 2372.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Remand for entry of a judgment without prejudice to Tripati's future refiling of his complaint, should he succeed in invalidating his conviction, is not necessary because Tripati's claim is also barred by the California one-year statute of limitations. See Trimble v. City of Santa Rosa, No. 94-15567, slip op. 2645, 2649-50 (9th Cir. Mar. 9, 1995)